FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 25 2023

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRINA AMBER OLSON,<br><br>Defendant. | Case No: 2:22-CR-00170-MKD<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Tyler H.L. Tornabene, Assistant United States Attorneys, as well as Defendant, Trina Amber Olson, and Defendant's counsel, David Partovi, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview and Information**

1. On June 27, 2022, the United States Attorney's Office for the Eastern District of Washington notified Defendant Trina Amber Olson that the Federal Bureau of Investigation (FBI) was investigating Defendant Trina Amber Olson for Making a False Statement, in violation of 18 U.S.C. § 1001(a)(2).

PRETRIAL DIVERSION AGREEMENT - 1

2. Defendant Trina Olson waives indictment and consents to the filing of a one-count Information (the Information) in the United States District Court for the Eastern District of Washington, charging Defendant with one count of Making a False Statement, in violation of 18 U.S.C. § 1001(a)(2), in connection with the Covered Conduct, as set forth below.

3. Defendant stipulates and agrees that Defendant did in fact violate 18 U.S.C. § 1001(a)(2) and that the United States could prove Defendant's guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

    a. Between approximately 2015 and October 2022, Defendant was employed by Multicare Health Systems at Multicare Deaconness Hospital in Spokane, Washington, as an outreach director.

    b. In January 2022, the FBI and U.S. Department of Health and Human Services, Office of Inspector General (HHS OIG) initiated an investigation concerning allegations that Defendant had falsified certain CDC vaccination records pertaining to COVID-19 vaccines for friends and co-workers who had not been vaccinated against COVID-19.

    c. On April 22, 2022, FBI and HHS OIG interviewed Defendant as part of their investigation. The non-custodial interview took place at Defendant's place of work, and Defendant voluntarily agreed to be interviewed and to provide information to FBI and HHS-OIG.

    d. During the April 22, 2022 interview, Defendant provided materially false and fraudulent statements to FBI and HHS OIG, which Defendant knew to be false at the time they were made. For example, Defendant told the FBI and HHS OIG "I have not given any fake vaccination cards." During the voluntary interview, Defendant further falsely indicated that she had never put a fake or

fictitious lot number into a vaccination card, and never provided a false vaccination card to anyone that she knew or suspected not to be vaccinated against COVID-19.

    e.    As Defendant subsequently admitted during a later, July 25, 2022 voluntary interview, these statements were knowingly false and were made during the course of the United States' investigation into potential federal crimes, and therefore were within the jurisdiction of the executive branch of the government of the United States.

    4.    On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 24 months. This 24-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

    5.    The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 24-month period by an additional 12 months, for a total of 36 months.

## II.  Terms

Defendant stipulates and agrees to the following terms:

    6.    **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 24-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

    a.    Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

    b.    If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

PRETRIAL DIVERSION AGREEMENT - 3

  c. Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to move outside this District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made. Defendant may travel to the District of Idaho without first notifying the U.S. Probation Office so long as she remains accessible and in contact with her supervising officer, but must notify the U.S. Probation Office in advance and obtain approval if she intends to permanently relocate to another district, including the District of Idaho.

  d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

  e. Defendant shall not seek out or have direct access to confidential or private health records of any person other than what is required to perform her professional duties. This provision shall apply to all Health Insurance Portability and Accountability Act (HIPAA)-protected information.

  f. Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

  g. Defendant shall not use alcohol to excess, or use or possess any illegal controlled substance, including marijuana and may not possess any firearms, explosives, or dangerous weapons, unless first disclosed to, and approved by, U.S. Probation.

  h. Defendant shall perform at least 100 hours of community service with an organization approved by U.S. Probation.

PRETRIAL DIVERSION AGREEMENT - 4

        i.    Defendant shall follow the instructions of the probation officer related to the conditions of supervision, and shall report to the probation officer as directed.

7.    **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

8.    **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

9.    **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

10.    **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 24 months (or up to 36 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States will seek dismissal with prejudice of the Information filed against

PRETRIAL DIVERSION AGREEMENT - 5

Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Information and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

### III.    Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        12/16/2022
Dan Fruchter                             Date
Assistant U.S. Attorney

_____        12/16/2022
Tyler H.L. Tornabene                     Date
Assistant U.S. Attorney


I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

PRETRIAL DIVERSION AGREEMENT - 6

_____   12/13/22
Trina Olson                          Date
Defendant

_____   12-13-22
David Partovi                        Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____   1/25/2023
United States District Judge
                                     Date

PRETRIAL DIVERSION AGREEMENT - 7